IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:23-CR- |
| | § | 00201-ALM-AGD |
| CAROLINA AYALA | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Carolina Ayala's supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on November 20, 2023, to determine whether Defendant violated her supervised release. Defendant was represented by Richard Weaver. The Government was represented by Christopher Rapp.

Defendant was sentenced on December 14, 2015, before The Honorable Lynn N. Hughes of the Southern District of Texas after pleading guilty to the offenses of Count 1: Attempted Importation of Methamphetamine, Aid and Abet, a Class C felony and Count 2: Conspiracy to Import Methamphetamine, a class C Felony. These offenses carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of III, was 87 to 108 months. However, pursuant to the Government's motion for a departure based on substantial assistance, Defendant was sentenced below the guideline range, and was subsequently sentenced to 36 months imprisonment (both counts to run concurrent) followed by a 3-year term of supervised release (both counts to run concurrent) subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment and a $200.00 special assessment. On June 2, 2017, Defendant completed her period of imprisonment and began service of the supervision term in

REPORT AND RECOMMENDATION – Page 1

the Northern District of Texas. On July 5, 2017, jurisdiction of the case was transferred to the Northern District of Texas from the Southern District of Texas.

On March 20, 2019, the original term of supervised release was revoked, and Defendant was subsequently sentenced to 7 months imprisonment followed by a 3-year term of supervised release. The original special conditions of supervision remained, and mental health treatment was added. Defendant commenced this term of supervised release on August 16, 2019, in the Northern District of Texas, Dallas Division. Jurisdiction of this case was transferred to the Eastern District of Texas on August 17, 2023, and the case was reassigned to The Honorable U.S. District Judge Amos Mazzant, III.

On September 7, 2023, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) (mandatory) Defendant must not commit another federal, state, or local crime; and (2) (mandatory) Defendant must not commit another federal, state, or local crime; (3) (mandatory) Defendant must not unlawfully possess a controlled substance; and (4) (standard) Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer. The Petition alleges that Defendant committed the following acts: (1) On September 24, 2019, Defendant was arrested by the Denton, Texas Police Department for the offense of Manufacture/Delivery of a Controlled Substance in Penalty Group 1>4 <300. She was released from custody on October 4, 2019, on a $50,000 bond. At the time the first amended petition was prepared, no formal charges had been filed in Denton County. According to the arrest report, Defendant traveled to Lewisville, Texas to deliver methamphetamine to another person, during an undercover operation. After arriving at the

meeting location, she was detained by Denton Police Department Officers. During the search, five bags of methamphetamine were found in the center console of her vehicle. The aggregate weight of the methamphetamine was 4.03 ounces (114.25 grams); (2) On October 8, 2019, the Grand Jury in the Eastern District of Texas, Sherman Division, returned a two- count Indictment under Docket No. 4:19CR257-001 against her for Count 1: Conspiracy to Possess with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & 846 and Count 2: Conspiracy to Possess with the Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and 846. She was arrested on November 5, 2019. A plea agreement was filed on August 30, 2022, wherein she pled guilty to Count One of the Indictment. At the time the first amended petition was filed, the case remained pending, and the sentencing hearing was set for November 15, 2023.[1] According to Count One of the Indictment, from sometime in or about January 2019 to October 8, 2019, Defendant along with others did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) & 846; (3) Defendant was in possession of methamphetamine as evidenced by the arrest on September 24, 2019, and the Indictment filed under Docket No. 4:19CR257-001; and (4) On September 24, 2019, Defendant traveled to Lewisville, Texas, which is in the Eastern District of Texas, while her case was being supervised in the Northern District of Texas. She did not have permission from the United States

---

[1] On November 15, 2023, the Honorable Amos L. Mazzant, III sentenced Defendant as follows: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 96 months. The term of imprisonment imposed by this judgment shall run concurrently to the defendant's imprisonment in any future state sentence for Manufacture/Delivery of a Controlled Substance by the Denton Police Department in Denton, Texas, and the defendant's revocation in the Northern District of Texas, Docket No.: 3:17CR331.

Probation Officer in the Northern District of Texas to travel outside of the district. (Dkt. #2 at 1–3).

Prior to the Government putting on its case, Defendant entered a plea of true to all allegations in the Petition. Having considered the Petition and the plea of true to all of the allegations, the court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, to run concurrently with any sentence imposed in 4:19cr257 in the Eastern District of Texas, with no term of supervised release to follow. The court also recommends that Defendant be housed in the Bureau of Prisons facility in Tallahassee, Florida, if appropriate.

**SIGNED this 2nd day of January, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE